UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRIET NICHOLSON,<br><br>Plaintiff,<br><br>-against-<br><br>THE BANK OF NEW YORK MELLON;<br>SADRA D. LEE, in her individual capacity,<br><br>Defendants. | 1:25-CV-9268 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Harriet Nicholson, of Grand Prairie, Texas, who appears *pro* se, brings this action seeking damages, injunctive relief, and declaratory relief. She describes this action as "brought under 42 U.S.C. § 1983 to vindicate [her] vested property rights that were restored by a final Texas Amended Final Judgment, but [were] ignored when Defendant Sandra D. Lee . . . executed a writ of possession against Plaintiff's homestead on October 29, 2025." (ECF 1, at 1.) Plaintiff names as defendants: (1) the Bank of New York Mellon ("BONYM"); and (2) Sandra D. Lee, who appears to be the Constable of Precinct 7 within Tarrant County, Texas. For the reasons set forth below, the Court transfers this action to the United States District Court for the Northern District of Texas.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff describes BONYM as "a national banking association that conducts business in the State of New York, maintains its principal trust operations in New York County, and is subject to personal jurisdiction in this [judicial] [d]istrict."[1] (ECF 1, at 4.) She also specifically alleges that BONYM resides within this judicial district. (*Id.* at 3). Plaintiff does not allege anything to suggest, however, that Lee, a Constable in Tarrant County, Texas, resides anywhere within the State of New York, let alone, within this judicial district. Thus, this court does not seem to be a proper venue for this action under Section 1391(b)(1).

Plaintiff's claims arise from her eviction from her home in Grand Prairie, Texas, by Lee, on October 29, 2025, and BONYM's alleged failure to "reconvey legal title [of the home to Plaintiff] by filing a corrective deed," as ordered by a Texas state court in Tarrant County on September 16, 2020. (*Id.* at 5.) Thus, because the property at issue is located in Grand Prairie, Texas, within the Northern District of Texas, *see* 28 U.S.C. § 124(a)(1), (2), and because a significant portion of the alleged events have occurred in Tarrant County, also within the Northern District of Texas, *see id.*, the United States District Court for the Northern District of Texas is a proper venue for this action under Section 1391(b)(2). Plaintiff alleges that "a substantial part of the events giving rise to [her] claims—specifically [BONYM's] refusal to

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

comply with the Texas [state-court] judgment—occurred within this jurisdiction" (ECF 1, at 3), but she alleges no facts to support that contention.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a district court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The property at issue is located, and a substantial portion of the underlying alleged events have occurred, within the Northern District of Texas, and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. Thus, the United States District Court for the Northern District of Texas appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of Texas. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under

3

Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of Texas. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 13, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4